United States Court of Appeals
Fifth Circuit

**F I L E D**

May 26, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-20765
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLEMENT COMPTON WILLIAMS, JR.,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-235-ALL
---------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Clement Compton Williams, Jr. appeals his guilty-plea sentence for bank robbery. He argues that the district court erred in departing upward based upon his 1981 aggravated assault convictions because the convictions were too remote in time and because they represented neither conduct that was similar to the charged offense nor serious dissimilar conduct. He also argues that the district court did not provide sufficient written reasons for the upward departure. Finally, he argues that the

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factual findings required to support the upward departure were not alleged in the indictment or proven to a jury beyond a reasonable doubt and, thus, violated Blakely v. Washington, 124 S. Ct. 2531 (2004). Although Williams and the Government disagree about the standard of review that should apply to Williams's first two issues on appeal, we do not resolve their disagreement because, even under the strictest de novo standard of review, Williams has not shown reversible error with respect to these issues.

The district court could depart upward based upon remote convictions that constituted "serious [] criminal conduct." U.S.S.G. §§ 4A1.2(e), comment. (n.8) and 4A1.3. The district court did not err in finding that Williams's 1981 aggravated assault convictions were "serious." The criminal conduct that was the basis for these guilty-plea convictions involved Williams shooting at four people, including family members, in close proximity to small children.

In addition, we conclude that the district court's written reasons for the upward departure were sufficient. See 18 U.S.C. § 3553(c) and U.S.S.G. § 4A1.3(c). In the written judgment's Statement of Reasons, the district court not only adopted the presentence report but also stated that, based upon the specific paragraphs in the presentence report that detailed the criminal conduct underlying the 1981 aggravated assault convictions,

Williams's criminal history was understated and was indicative of a criminal history category IV.

Because Williams did not raise a <u>Blakely</u> objection to the upward departure in the district court, we review for plain error.  <u>See</u> <u>United States v. Mares</u>, 402 F.3d 511, 520 (5th Cir. 2005), <u>petition for cert. filed</u> (U.S. Mar. 31, 2005) (No. 04-9517).  Because Williams has not demonstrated that the district court would have reached a different conclusion regarding the upward departure if it had known the sentencing guidelines were advisory only, he has failed to demonstrate that the error affected his substantial rights.  <u>Id.</u> at 521-22. Williams's sentence is therefore AFFIRMED.  Because Williams's sentence is affirmed, we do not address his claim that resentencing him under an advisory guidelines scheme would violate the ex post facto and due process clauses of the constitution.

AFFIRMED.